THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GLEN ROGERS, Defendant-Appellant.

Third District   No. 3—90—0706

Opinion filed July 2, 1991.

Spencer Lee Daniels, of Peoria, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Judith Z. Kelly and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

On October 22, 1984, the defendant, Glen Rogers, admitted the allegations of the State's petition to have him declared a sexually dangerous person (Ill. Rev. Stat. 1989, ch. 38, par. 105—3). The trial court then found that he was a sexually dangerous person and committed him to the Department of Corrections. On April 21, 1988, the court ordered the defendant released, conditioned upon his abstinence from drugs and alcohol, regular testing for substance abuse, obtaining full-time employment, residing in a residence approved by parole services, attending out-patient therapy, and reporting to a parole supervisor. On March 27, 1990, the defendant petitioned the court to unconditionally release him. Following a hearing, the court denied the petition, leaving the conditions in place. The defendant appeals, argu-

ing that the court erred in failing to terminate the conditions of his release.

The record shows that when the trial court originally imposed the conditions upon the defendant's release, it found that he appeared to be no longer dangerous. However, because the nature of institutional care made it impossible to determine with certainty that he had fully recovered, it imposed conditions it felt would protect the public.

At the hearing on the defendant's petition to terminate the conditions of his release, psychiatrist Richard Grant's report was admitted into evidence. Dr. Grant stated that he had interviewed the defendant eight times over the past year. The doctor noted the defendant's history from 1973 through 1984 of sexually abusing minors, including his daughter and two stepdaughters. He further noted the defendant's violent temper and past marital instability. It was during such times of interpersonal conflict with his wives that all of the incestuous episodes had occurred.

Dr. Grant stated that at the time of the report the 51-year-old defendant was married to a 21-year-old woman. Although the woman was pregnant, they planned to put the child up for adoption when it was born. Dr. Grant noted that though the defendant still had a significant temper, he no longer engaged in physical fights. In fact, the defendant had recently moved away from an apartment to avoid a provocative neighbor. The doctor also indicated it was a positive sign that the defendant recognized that due to the age difference he probably would not have a lasting relationship with his new wife. Dr. Grant concluded that the defendant's statements and history indicated "he could conceivably not re-offend in the manner he has previously."

Dr. Grant also testified at the hearing. He stated that he believed the defendant was no longer a danger to society. In this regard, he noted that the defendant had considerably improved his temper control, was no longer abusing substances, and was engaging in stable interpersonal relationships. The doctor found it significant that the defendant had attempted to apologize to his victims. On cross-examination, Dr. Grant stated that the defendant still suffered from residual evidences of a personality disorder.

The defendant's testimony indicated that he was complying with the conditions of his release. He stated that the child born to him and his wife had been adopted and there were no other children living with them. The defendant opined that he was no longer a danger to society.

Based upon its observation of the defendant, Dr. Grant's report, and the testimony at the hearing, Judge McCuskey found that he

could not make a determination at that time that the defendant was fully recovered and no longer needed supervision. In so finding, the judge indicated his concern that the defendant's current good behavior might merely be the result of having little stress in his present marriage. Judge McCuskey also noted that a relatively short period of time had passed since the defendant's release. Under the circumstances, he left the conditions in place.

We note that when a defendant is conditionally released, it is his burden to show by a preponderance of the evidence that he is no longer sexually dangerous and that the conditions of his release should therefore be terminated. (*People v. Cooper* (1989), 132 Ill. 2d 347, 547 N.E.2d 449; *People v. Hannan* (1989), 184 Ill. App. 3d 937, 540 N.E.2d 1064.) Although treatment of the defendant is one purpose of the Sexually Dangerous Persons Act, the primary purpose is to protect the public. See *People v. DeMont* (1986), 146 Ill. App. 3d 437, 496 N.E.2d 1215.

The instant defendant's offenses occurred over a 12-year period. Further, Dr. Grant stated in his report that all of the episodes occurred during severe interpersonal conflicts between the defendant and his wives. The trial court, after viewing the defendant and examining the evidence, found that his present life was fraught with uncertainties which could push him back into his old ways and that too little time had passed to determine whether he had truly gained control of his sexual deviances. The court therefore continued the defendant's conditional release. Under the circumstances of this case, we find no abuse of discretion by the trial court.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER, P.J., and GORMAN, J., concur.